M. Richardson Lynn, Jr. (CA Bar #051034)
WAGNER, LYNN & LUJAN
16870 West Bernardo Drive, Suite 400
San Diego, CA 92127
Telephone: (858) 674-6949
Facsimile: (858) 674-6959

Attorneys for Plaintiff
Tommy LaNier

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TOMMY LaNIER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; CITY OF CHULA VISTA, a Municipality, KEAN McADAM, an individual; CALIFORNIANS FOR DRUG FREE YOUTH, INC., a California corporation aka CADFY,<br><br>Defendants. | **Case No. 15-CV-0360 BAS (BLM)**<br><br>**PLAINTIFF TOMMY LANIER'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION OF DEFENDANT USA/HIDTA TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**DATE:** **June 29, 2015**<br>**COURTROOM:** **4B**<br>**JUDGE:** **Hon. Cynthia Bashant**<br><br>**(NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT)** |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# TABLE OF CONTENTS

**Page No.**


I. INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. SUMMARY OF USA/HIDTA'S ARGUMENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III. THE STROBEL CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IV. THERE IS NO SOVEREIGN IMMUNITY FOR THE TORT CLAIMS AGAINST USA/HIDTA. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

V. THE HIDTA HAS THE LEGAL CAPACITY TO BE SUED UNDER FRCP 17(b) AND CALIFORNIA LAW. . . . . . . . . . . . . . . . . . . . . . . . . . 7

A. *USA/HIDTA Misreads the Morales Case*. . . . . . . . . . . . . . . . . . . . . . . . . . 7

B. *The HIDTA is a Sueable Entity Under FRCP 17(b) and California Law*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

VI. PLAINTIFF HAS EXHAUSTED ADMINISTRATIVE REMEDIES. . . . . . . . 12

VII. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# TABLE OF AUTHORITIES

**Page No.**

## Federal Cases


Citizens for Responsibility & Ethics in Washington v. Office of Admin., 559 F. Supp. 2d 9 (D.D.C. 2008). . . . . 12

Dean v. Barber, 951 F.2d 1210 (11th Cir. 1992) . . . . . 10, 11

Gaines v. Ski Apache, 8 F3d 726 (10th Cir. 1993) . . . . . 13

Morales v. HIDTA, U.S. District Court, Virgin Islands, Civil Action No. 2003-19 (2007). . . . . 7-9

Roebuck v. U.S. Govt. through the Department of Justice, Civil Action No. 03-158 (D.V.I. 2007) . . . . . 12

Russell v. Rolfs, 893 F.2d 1033 (9th Cir, 1990). . . . . 5

Safe Air for Everyone v. Meyer, 373 F3d 1035 (9th Cir. 2004). . . . . 13

Shaw v. California Department of Alcoholic Beverage Control, 788 F.2d 600 (9th Cir. 1986). . . . . 11

Strobel v. United States Drug Enforcement Administration, et al., U.S. District Court, Northern District of Indiana, Case No. 2:11CV00053. . . . . 4, 9

Thornhill Pub. Co. v. General Tel. & Electronic Corp., 594 F2d 730 (9th Cir. 1979). . . . . 13

United Mineworkers of America v. Coronado Coal Co., 259 U.S. 644, 42 S.Ct. 570 (1922). . . . . 9


## Federal Rules


FRCP 12(b)(1) . . . . . 1, 3, 13

FRCP 12(b)(6) . . . . . 1, 3

FRCP 17.. . . . . 2

FRCP 17(b) . . . . . 7-11


## Federal Regulations


28 C.F.R. §14.2(b)(1). . . . . 13


## Federal Statutes


28 U.S.C. §1346(b) and 28 U.S.C. §2671 *et seq*., Federal Tort Claims Act (FTCA). . . . . 1, 2, 6, 7, 12

42 U.S.C. § 1983 . . . . . 11

Federal Title VII. . . . . 1, 8, 10, 11

**State Cases**

Aguilar v. Lerner, 32 Cal. 4th 974 (2004). . . . . . . . . . 5

American Alternative Energy Partners II 1985 v. Windridge, Inc., 42 Cal.App.4th 551 (1996). . . . . . . . . . 10

Barr v. United Methodist Church, 90 Cal.App.3d 259 (1979). . . . . . . . . . 10

Drain v. Betz Laboratories, Inc., 69 Cal.App. 4th 950 (1999). . . . . . . . . . 5

Jackson v. County of Los Angeles, 60 Cal.App. 4th 171 (1997). . . . . . . . . . 5

Kelsey v. Waste Management of Alameda County, 76 Cal.App.4th 590 (1999). . . . . . . . . . 6

Levin v. Ligon, 140 Cal. App. 4th 1456 (2006). . . . . . . . . . 6

MW Erectors, Inc. v. Niederhauser Ornamental and Metal Works Co., 36 Cal. 4th 412 (2005). . . . . . . . . . 5

Swahn Group, Inc. v. Segal. 183 Cal.App.4th 831 (2010). . . . . . . . . . 5

**State Statutes**

Cal.Civ.Code § 3520. . . . . . . . . . 2

Cal.Civ.Code § 3523. . . . . . . . . . 2

California FEHA. . . . . . . . . . 1, 10

CCP § 369.5(a). . . . . . . . . . 10

**Other Authorities**

*Comment,* The Judiciary Says, You Can't Have it Both Ways: Judicial Estoppel–A Doctrine Precluding Inconsistent Positions, 30 Loyola L.A. L. Rev. 323, 327 (1996). . . . . . . . . . 5

Plaintiff Tommy LaNier ("plaintiff" or "LaNier") submits the following Memorandum of Points and Authorities in opposition to the motion to dismiss under Rules 12 (b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure filed by defendant USA/HIDTA:

**I.**

**INTRODUCTION**

In his First Amended Complaint ("FAC"), plaintiff LaNier has brought claims for damages under the California FEHA and Title VII for unlawful retaliation resulting from being fired from his longstanding job position as a result of complaining about a hostile work environment and sexual harassment of a female employee in the office (Valerie Taylor); and, plaintiff LaNier has also specifically sued USA/HIDTA under the Federal Tort Claims Act (FTCA) 28 U.S.C. §1346(b) and 28 U.S.C. §2671 *et seq*. Valerie Taylor has filed a related action which is also pending.

The fact pattern in this case is unusual because plaintiff LaNier, Taylor and a number of other people all worked in the same office under a federal program known as the High Intensity Drug Trafficking Area ("HIDTA") program, a federal drug fighting program established under the White House Office of National Drug Control Policy ("ONDCP"). The program is fully funded by the federal government with the money funneling to fiduciary/grantees, City of Chula Vista ("CCV") and Californians for Drug Free Youth ("CADFY"). Plaintiff LaNier was a payroll employee of CCV, while Taylor, in the related action, was a payroll employee of CADFY.

The HIDTA office was supervised and controlled by defendant Kean McAdam, a supervisory payroll employee of CCV, who had a job title designation of Director of the San Diego-Imperial HIDTA.

The astonishing position in which plaintiff LaNier finds himself now is as follows: USA/HIDTA is moving to dismiss the FAC on the basis that it cannot be sued, either as the HIDTA or as the United States of America, for anything that happened to LaNier working in the HIDTA office; and, CCV is moving to dismiss the

FAC on the basis that LaNier was not an employee of CCV (even though he was on the CCV payroll), but rather was an employee of USA/HIDTA! If the motion of USA/HIDTA is granted and the motion of CCV is likewise granted, a violation of one of the most fundamental maxims of jurisprudence will have occurred. That maxim of jurisprudence is: "For every wrong there is a remedy." (Cal.Civ.Code § 3523.) It will also violate still another fundamental maxim of jurisprudence: "No one should suffer by the act of another." (Cal.Civ.Code § 3520.)

Plaintiff LaNier worked in an office which contained signage that it was the office of the "HIDTA." LaNier came to work every day. The supervisor of the office was Kean McAdam, a payroll employee of the City of Chula Vista with a title of "Director" of the HIDTA. Plaintiff received paychecks from the City of Chula Vista. He claims in this action that he lost his job in retaliation for complaints he made about a hostile work environment and sexual harassment of a female (Taylor) who worked closely with LaNier in the HIDTA office. The motions of USA/HIDTA and CCV, taken together and if granted by the Court, would mean that plaintiff LaNier has <u>no recourse at all</u> for the wrongs which happened to him while working in his employment in the HIDTA office. He would be a man without a remedy.

Plaintiff LaNier contends that the HIDTA is an instrumentality of the federal government and can be properly sued as such, either as an agent of the USA, or as the USA itself. Plaintiff LaNier further contends that the HIDTA can be sued as an unincorporated association under Rule 17 of the Federal Rules of Civil Procedure which basically defers the issue to California law. Plaintiff further contends that, at the very minimum, plaintiff can sue under the Federal Torts Claims Act (FTCA) which contains an express waiver of sovereign immunity.

Finally, although USA/HIDTA would have the Court believe otherwise, there have been other cases involving HIDTAs in other areas of the United States in which the HIDTA has been sued and appeared as a party in the action; HIDTA has expressly admitted that it transacts business in the state in which the HIDTA office is located;

and, HIDTA has expressly admitted that people who work in the HIDTA office are employees of the HIDTA. Can the HIDTA state one thing in a case in a different jurisdiction, and state just the opposite here in San Diego? Plaintiff strongly suggests that the answer to that question is "No." The HIDTA has made judicial admissions in at least one other case that the people who work in the HIDTA office are treated as HIDTA employees.

In point of fact, in this case, plaintiff contends strongly that he has alleged facts which indicate a joint employer scenario applies to the HIDTA office wherein both the HIDTA and the City of Chula Vista exercise joint control of the means and manner of performing day to day work duties in the HIDTA office. Neither can escape from potential liability by way of a Rule 12(b)(1) or 12(b)(6) motion to dismiss.

## II.

## SUMMARY OF USA/HIDTA'S ARGUMENTS

The USA/HIDTA arguments in favor of its motion can be distilled to the following:

1. USA/HIDTA argues that Plaintiff cannot maintain the claims in the FAC since Plaintiff has not shown a waiver of the United States' sovereign immunity. Further, Congress has not waived the United States' sovereign immunity with respect to the HIDTA program generally;

2. USA/HIDTA next argues that HIDTA is not a sueable entity under Rule 17; and,

3. Finally, USA/HIDTA argues that, assuming Plaintiff's claims against USA/HIDTA are brought under the Federal Tort Claims Act, Plaintiff has not exhausted all administrative remedies before filing the complaint.

Each of USA/HIDTA's arguments will be addressed below.

/ / /

/ / /

/ / /

## III.

## THE STROBEL CASE

In its motion papers, USA/HIDTA boldly proclaims:

> "It is telling that neither the HIDTA program in general nor local HIDTAs in particular have been named in garden-variety employment or tort law cases, such as is the case here — even though HIDTAs were established by legislation originally passed in 1988."

(USA/HIDTA Memo. of Points & Authorities, p. 18, fn.14.)

In actuality, that statement by USA/HIDTA is simply wrong. In Strobel v. United States Drug Enforcement Administration, et al., U.S. District Court, Northern District of Indiana, Case No. 2:11CV00053, the HIDTA was successfully sued in an employment case similar to the case at bar. Rather than seeking to dismiss the Strobel complaint, HIDTA filed an answer to plaintiff's second amended complaint. In its answer, HIDTA made key admissions that are relevant on both USA/HIDTA's bold proclamation quoted above as well on whether HIDTA is a sueable entity. (See, Exhibit A to plaintiff's accompanying Request for Judicial Notice.) The Strobel case involved a lawsuit by a female plaintiff alleging hostile work environment and discrimination based on sexual orientation as a result of her work in the local HIDTA office in Indiana. Notably, the Strobel case was *not* dismissed, but was ultimately settled. However, the answer filed by the HIDTA in Strobel (which answer quotes and responds to every single allegation of the complaint) (1) expressly admits that the HIDTA transacted substantial business in Lake County, Indiana (HIDTA Answer, para. 3); and (2) expressly admits "That the City of Crown Point as fiduciary issued paychecks from January 1, 2009 to employees of HIDTA." These are judicial admissions made in a court action and result in USA/HIDTA being judicially estopped from taking an inconsistent position. The HIDTA cannot say one thing in Indiana and something opposite here in San Diego. The HIDTA offices all work in the same fashion and under the same policy guidelines across the United States.

/ / /

The doctrine of judicial estoppel, sometimes called the doctrine of "preclusion of inconsistent positions" precludes a party from obtaining an advantage by asserting one position in the same or some earlier proceeding, and then seeking a second advantage by asserting an incompatible position in the same or in a later case. Jackson v. County of Los Angeles, 60 Cal.App. 4th 171, 181 (1997); MW Erectors, Inc. v. Niederhauser Ornamental and Metal Works Co., 36 Cal. 4th 412, 422 (2005). The doctrine is applied "to prevent a party from changing its position over the course of judicial proceedings when such positional changes have an adverse impact on the judicial process ." Jackson v. County of Los Angeles, supra, 60 Cal.App. 4th at 181. The policies underlying preclusion of inconsistent positions are "general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings." Judicial estoppel is "intended to protect against a litigant playing fast and loose with the courts." Russell v. Rolfs, 893 F.2d 1033,1037 (9th Cir, 1990). "It seems patently wrong to allow a person to abuse the judicial process by first [advocating] one position, and later, if it becomes beneficial, to assert the opposite." *Comment,* The Judiciary Says, You Can't Have it Both Ways: Judicial Estoppel–A Doctrine Precluding Inconsistent Positions, 30 Loyola L.A. L. Rev. 323, 327 (1996); Jackson v. County of Los Angeles, supra, 60 Cal.App. 4th at 181; Swahn Group, Inc. v. Segal. 183 Cal.App.4th 831, 841 (2010).

The doctrine applies when "(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (*i.e.*, the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake." Jackson v. County of Los Angeles, supra, 60 Cal.App. 4th at 183; Aguilar v. Lerner, 32 Cal. 4th 974, 986-987 (2004); MW Erectors, supra, 36 Cal.4th at p. 422.)

A court may grant summary judgment based on judicial estoppel "where none of the facts material to the court's decision to apply judicial estoppel are disputed." Drain

v. Betz Laboratories, Inc., 69 Cal.App. 4th 950, 958, fn. 8 (1999); Levin v. Ligon, 140 Cal. App. 4th 1456, 1467 (2006). In other words, the court may apply the doctrine where there are no triable issues of fact concerning any of the requirements. When a trial court does so, we independently determine whether there were triable factual issues. Kelsey v. Waste Management of Alameda County, 76 Cal.App.4th 590, 598 (1999).

Accordingly, given the judicial admissions of the HIDTA in Strobel, how can a party who transacts substantial business and causes harm to someone working in its office be completely immune from any responsibility? And, how can the HIDTA in Indiana admit that people working in the office under the auspices of the fiduciary/grantee of the HIDTA, are treated as employees of HIDTA in Indiana, but not in the San Diego HIDTA office?

It is submitted that USA/HIDTA's effort to characterize itself as a mere "cooperative effort," with no legal capacity whatsoever and no legal responsibility whatsoever, is misguided and cannot be followed by this Court.

## IV.

## THERE IS NO SOVEREIGN IMMUNITY FOR THE TORT CLAIMS AGAINST USA/HIDTA

Among the claims in the FAC that are being pursued is a claim under the Federal Tort Claims Act, 28 U.S.C. §1346(b) and 28 U.S.C. §2671 *et seq*. ("FTCA") (see, FAC § 39). Through the FTCA, the United States Government has expressly waived its sovereign immunity. The FTCA provides a waiver of the federal government's sovereign immunity when its employees are liable for committing a tort while acting within the scope of their employment, and the government can be sued "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §1346(b).

/ / /

Even USA/HIDTA agrees in its Points and Authorities that the United States has consented to waiver of its sovereign immunity for claims under the FTCA. (USA/HIDTA Memo. of Points & Authorities, p. 18, lines 7-8). The FTCA allows suit against the United States when its employees are negligent or cause harm while acting within the scope of their employment. (USA/HIDTA Memo. of Points & Authorities, p. 18, lines 11-15).

Here, even the moving parties agree that there is a waiver of sovereign immunity for Plaintiff's claims against USA/HIDTA. Nevertheless, USA/HIDTA moves for dismissal arguing that the FAC does not specifically allege that sovereign immunity has been waived by virtue of the FTCA. The failure to include such an allegation is hardly a basis for dismissal; at most it is a technical oversight easily cured with an amendment to the FAC. There is no dispute that the FTCA waives sovereign immunity and dismissal is unwarranted.

## V.

## THE HIDTA HAS THE LEGAL CAPACITY TO BE SUED UNDER FRCP 17(b) AND CALIFORNIA LAW

**A.** ***USA/HIDTA Misreads the Morales Case.*** In its motion to dismiss, USA/HIDTA relies heavily upon an unpublished decision out of the federal court in Puerto Rico entitled Morales v. HIDTA, U.S. District Court, Virgin Islands, Civil Action No. 2003-19 (2007). In that case, the court dismissed the lawsuit against the HIDTA but the underlying facts were so dramatically different from the present case that it is unavailing to USA/HIDTA in the present motion. In Morales, plaintiff was the owner of a fishing vessel which collided with a government police patrol vessel called "The Lightning 1," which resulted in the sinking of the plaintiff's fishing vessel and personal injuries to persons on board. The Lightning 1 had apparently been purchased with federal HIDTA funds and at times was used in joint drug interdiction operations of the federal government and local authorities. However, the incident sued about in the Morales case did not involve any federal drug interdiction joint operation

with local authorities; rather, it was the result of a routine police patrol having nothing to do at all with the purpose or operations of the HIDTA.

By contrast, in the present action, McAdam and Partridge were acting as the Director and Deputy Director, respectively, of the HIDTA and were operating the HIDTA on a daily basis under the auspices of the written HIDTA policy guidelines. McAdam was in charge of and controlled the work office. The work office had signage which stated it was the office of HIDTA — there is no mention of any other entity or agency on the office signage. The actions of Ralph Partridge (sexual harassment, creation of hostile working environment) and Kean McAdam (failure to remediate and respond to complaints about Partridge) are a violation of the substantive law of the United States, Federal Title VII. This brings into play federal substantive law. By contrast, the collision between the two boating vessels which occurred in Morales was not a violation of United States substantive law in any manner; the issue there had to do with common law negligence and local boating regulations. The Morales decision specifically states at pages 5-6:

> "The activities of The Lightning 1 on the evening of February 19, 2001, were carried out by and at the direction of local police officers with federal authorities playing no role whatsoever. In no sense can the Virgin Islands Police Department be said to be an agent of the United States with respect to the operation of The Lightning 1. On February 19, 2001, the Virgin Islands Police Department was acting on its own behalf and not for the benefit or subject to the control or direction of the federal government. [Citations omitted.]"
>
> (Emphasis added.)

This is a crucial distinction from the LaNier situation in which the HIDTA Director and Deputy Director were directly responsible for the matters complained about in the lawsuit relating to sexual harassment, creation of hostile work environment, and retaliation against LaNier for complaining about the sexual harassment of one of its female co-workers.

**B. *The HIDTA is a Sueable Entity Under FRCP 17(b) and California Law.*** In its motion to dismiss, USA/HIDTA argues that the San Diego-Imperial HIDTA is a

"cooperative effort" of state, local and federal law enforcement agencies, not an unincorporated association under federal law. However, that is not the legal test for the issue of capacity to sue or be sued. The legal test is set forth in FRCP 17(b) which provides as follows:

> "(b) Capacity to Sue or be Sued. The capacity to sue or be sued is determined as follows:
>
> (1) For an individual who is not acting in a representative capacity, by the law of the individual's domicile.
>
> (2) For a corporation, by the law under which it was originally organized; and
>
> (3) For all other parties, by the laws of the state where the court is located, except that:
>
> A. A partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws ..."
>
> (Emphasis added.)

The United States Supreme Court has held that any federal substantive right may be enforced against an unincorporated association by a suit against the association in its common name without naming all of its members as parties. (United Mineworkers of America v. Coronado Coal Co., 259 U.S. 644, 42 S.Ct. 570 (1922).) It should be noted that USA/HIDTA has already made a judicial admission that the HIDTA transacts substantial business in the state in which it is operating. (See, the Strobel case answer attached as Exhibit A to the accompanying Request for Judicial Notice filed by plaintiff LaNier.)

Accordingly, USA/HIDTA is simply wrong in stating that HIDTA is not an unincorporated association which can be sued under "federal law." The actual determination is based upon California law which, of course was not addressed in the Morales case. So, let us turn to the law of California, which is the state where the HIDTA is officed and operating in this action. California law provides that an unincorporated association (profit or nonprofit) has the capacity to both sue and be

sued in the entity's name, and to defend any such action against it. (CCP § 369.5(a); American Alternative Energy Partners II 1985 v. Windridge, Inc., 42 Cal.App.4th 551, 560 (1996).) The term "unincorporated association" covers literally any group whose members share a common purpose and who function under a common name. (See, *e.g.*, Barr v. United Methodist Church, 90 Cal.App.3d 259, 266 (1979).)

The HIDTA fits the definition of a "unincorporated association" since it is composed of members of a federal program who share a common purpose and who function under a common name. In the present case, the HIDTA has its own letterhead with its own seal stating the acronym "HIDTA" and "San Diego and Imperial Counties High Intensity Drug Trafficking Area." (See Exhibit B to LaNier FAC.) The HIDTA letterhead lists the Board Members representing various governmental members of the HIDTA. This correspondence (Exhibit B to LaNier FAC) is quite illustrative and is signed by Kean McAdam as the "Director" of the HIDTA. The purpose of the letter, as shown on its face is to put forth various policies and procedures which LaNier was required to follow.

Furthermore, the LaNier FAC seeks to enforce an existing substantive right under one or more laws of the United States, namely, Title VII, which is the parallel federal statute to the California FEHA prohibiting gender discrimination, sexual harassment and creation of a hostile work environment and providing remedies for damages and remediation of such conduct in the workplace. It is well known that Federal Title VII and the California FEHA are parallel laws regulating and prohibiting discriminatory and harassing conduct in the workplace.

USA/HIDTA relies heavily upon an 11th Circuit decision, Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992) which is contended to have held that FRCP 17(b) applies "only to private entities that are well established representatives of groups of people, such as labor organizations." However, upon close analysis, the Dean decision is completely distinguishable from the LaNier situation in this case and is unavailing as precedent authority for USA/HIDTA in this case. In Dean, a former detainee in a

county jail was attacked and injured by another detainee. The injured detainee filed an action for damages under 42 U.S.C. § 1983 against the sheriff and the county sheriff's department located in Alabama. The 11th Circuit held that capacity to sue or be sued must be determined by the laws of the state in which the district court is located per FRCP 17(b) and found that, under Alabama law, a local police department was not a sueable entity. However, the Dean case cited as a contrasting precedent the case of Shaw v. California Department of Alcoholic Beverage Control, 788 F.2d 600, 605 (9th Cir. 1986), which held that under California law, the San Jose Police Department could be sued in federal court.

The Shaw case was a lawsuit by former tavern owners against the California Department of Alcoholic Beverage Control, a city police department, and the police chief, alleging violation of civil rights for alleged improper revocation of liquor license and discriminatory enforcement of the law in violation of equal protection. The federal district court dismissed the entire action, but a portion of the dismissal was reversed on appeal by the 9th Circuit applying California law. Specifically, the 9th Circuit found the San Jose Police Department, being a public entity under California law, could be sued in federal court.

> "... We conclude that the courts of California would hold that the police department is a public entity under [Govt. Code] § 811.2. Thus, under Federal Rule of Civil Procedure § 17(b) the police department may be sued in federal court."
> (788 F.2d at 605.)

Accordingly, plaintiff LaNier contends that the HIDTA does indeed have the capacity to be sued under FRCP 17(b) by virtue of applicable California law as an unincorporated association because the HIDTA (a) transacts business in California, (2) functions under a common name, and (3) is composed of members who share a common purpose. In addition, plaintiff is seeking to enforce substantive rights under Federal Title VII, so the requirements of capacity to be sued under FRCP 17(b) on the

/ / /

/ / /

part of the HIDTA are fully met. The motion to dismiss by USA/HIDTA is simply off base to contend otherwise.[1]

## VI.

## PLAINTIFF HAS EXHAUSTED ADMINISTRATIVE REMEDIES

As a third reason for dismissing Plaintiff's claims against USA/HIDTA, it is argued that before proceeding with claims under the FTCA, plaintiff must submit an administrative claim. In the instant case, the HIDTA program was originally established by the Anti-Drug Act of 1988. (USA/HIDTA Memo. of Points & Authorities, p. 4, lines 14-18). As stated by USA/HIDTA in its motion, the HIDTA program is administered by the Office of National Drug Control Policy ("ONDCP"), which in turn is an entity within the Executive Office of the President of the United States, *i.e.* the White House. See, Citizens for Responsibility & Ethics in Washington v. Office of Admin., 559 F. Supp. 2d 9, 16 (D.D.C. 2008); (USA/HIDTA Memo. of

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1]It is the Plaintiff's position that the HIDTA is a sueable entity under California law (which differs from the authority cited by USA/HIDTA). Nevertheless, if the Court disagrees with Plaintiff, it is a simple matter of dismissing the HIDTA and allowing the FAC to proceed against the USA. (Roebuck v. U.S. Govt. through the Department of Justice, Civil Action No. 03-158 (D.V.I. 2007) (copy attached as Exhibit B to Plaintiff's Request for Judicial Notice in Support of its Opposition to Motion of Defendant USA/HIDTA to Dismiss Plaintiff's First Amended Complaint.

Points & Authorities, p. 4, lines 14-23; and p. 5, lines 1-2); See, Declaration of M. Richardson Lynn, Jr. filed concurrently herewith at ¶ 3 ("Lynn Declaration").[2]

Plaintiff sent an administrative tort claim to the Administrative Office of the United States Courts. Lynn Declaration at ¶ 4. This claim received a response from Mimi Crescenzi of the Administrative Office of the United States Courts in which she advised Plaintiff's counsel that she was forwarding the claim to ONDCP since that was the proper agency for Plaintiff's claim. Lynn Declaration at ¶ 5. This would have been the proper protocol since, in the event a wrong agency is presented with a claim, the regulations require that the receiving agency must transfer the claim forthwith to the appropriate agency and notify the claimant of the transfer–that is exactly what happened here. 28 C.F.R. §14.2(b)(1). After the claim was forwarded to ONDCP, Plaintiff's counsel received a written notice that "ONDCP has no liability for any of the parties, and these claims fall outside the scope of the Federal Tort Claims Act . . ." See Lynn Declaration at ¶ 6. Consequently, Plaintiff's lawsuit is timely following a denial of the claim by ONDCP and the Court has jurisdiction to proceed.

/ / /

/ / /

/ / /

/ / /

---

[2]The motion filed by USA/HIDTA is based on Federal Rules of Civil Procedure, Rules 12(b)(1) and 12(b)(6). USA/HIDTA argues that the court lacks subject matter jurisdiction and that the FAC fails to state a claim upon which relief can be granted. In its Memorandum of Points and Authorities, USA/HIDTA correctly points out that a motion based on a jurisdictional attack under Rule 12(b)(1) may be facial or factual, and in a factual attack, such as here, the court may go outside the pleadings and consider evidence beyond the complaint relating to jurisdiction without converting the motion to dismiss into a motion for summary judgment. *See,* USA/HIDTA's Memorandum of Points and Authorities in Support of Motion to Dismiss Plaintiff's Complaint (Docket No. 13-1) at page 10, lines 5-13; FRCP 12(d); Safe Air for Everyone v. Meyer, 373 F3d 1035, 1039 (9th Cir. 2004); Gaines v. Ski Apache, 8 F3d 726 (10th Cir. 1993) [motion to dismiss under Rule 12(b)(1) for lack of jurisdiction was not required to be converted into motion for summary judgment where court considered affidavit]. In effect, a jurisdictional attack premised on Rule 12(b)(1) can be a "speaking motion." Thornhill Pub. Co. v. General Tel. & Electronic Corp., 594 F2d 730, 733-734 (9th Cir. 1979). Consequently, the Court may consider the Lynn Declaration filed concurrently herewith.

## VII.
## CONCLUSION

USA/HIDTA was named as a Defendant when it became clear that CCV was saying that it (CCV) cannot be sued since it was not Plaintiff's employer, the HIDTA was. As stated above, the astonishing position in which plaintiff finds himself is as follows: USA/HIDTA is moving to dismiss the FAC on the basis that it cannot be sued, either as the HIDTA or as the United States of America, for anything that happened to LaNier working in the HIDTA office, while at the same time CCV is moving to dismiss the FAC on the basis that plaintiff was not an employee of CCV (even though he was on the CCV payroll), but rather was an employee of USA/HIDTA. If the motion of USA/HIDTA is granted and the motion of CCV is likewise granted, a violation of one of the most fundamental maxims of jurisprudence will have occurred–plaintiff will be without a remedy. The instant motion to dismiss will be decided at the same time as a motion to dismiss filed by CCV in which CCV says that Plaintiff's complaint cannot proceed against it since HIDTA was the employer. There is a factual issue as to who Plaintiff's employer was and all parties should remain as defendants until such time as there is a factual determination as to who employed Plaintiff and McAdam, or whether there was a joint employer situation. For all the foregoing reasons, the USA/HIDTA motion to dismiss must be denied.

Respectfully submitted,

WAGNER, LYNN & LUJAN

Dated: July 6, 2015

/s/ M. Richardson Lynn, Jr.

M. Richardson Lynn, Jr., Attorneys for Plaintiff, Tommy LaNier