UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY LANIER,<br>　　　　　　　　　Plaintiff,<br>v.<br>UNITED STATES OF AMERICA, et al.,<br>　　　　　　　　　Defendants. | Case No.:  15CV360-BAS(BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ENLARGE TIME AND COMPEL DISCOVERY RESPONSE**<br><br>**[ECF NO. 62]** |

Currently before the Court is Plaintiff's February 7, 2017 Motion to Enlarge Time and Compel Discovery [ECF No. 62-1 ("Mot.")], Defendants' February 10, 2017 opposition to the motion [ECF No. 64 ("Oppo.")], and Plaintiff's February 13, 2017 reply [ECF No. 65 ("Reply")]. For the reasons set forth below, Plaintiff's motion is **DENIED**.

## BACKGROUND

Plaintiff is suing Defendants for defamation, unlawful retaliation under the California Fair Employment Housing Act ("FEHA") and under Title VIII 42 U.S.C. sections 2000(e)-3(a), and violations of the Federal Tort Claims Act.  ECF No. 9, Plaintiff's First Amended Complaint ("FAC"). Plaintiff, who was an employee of the City of Chula Vista under the federal grant High Intensity

1

Drug Trafficking Area ("HIDTA") program and Director of the National Marijuana Initiative ("NMI") alleges that he was forced to resign from his position after complaining to Defendant McAdam, also an employee of the City of Chula Vista and Director of HIDTA, about Mr. Ralph Partridge, the Deputy Director of HIDTA, for "creating an offensive and hostile work environment toward one or more female employees who were working under [P]laintiff." FAC at 4-6. Plaintiff further alleges that Defendants McAdam and City of Chula Vista falsely accused him of lying about travel expenses in order to justify his forced resignation. Id. at 7-14.

On March 21, 2016, the Court held a telephonic Case Management Conference ("CMC"). ECF No. 40-41. Following the CMC, the Court issued a Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings. ECF No. 41. In that Order, the Court set a deadline of November 18, 2016 for the close of all fact discovery[1] and included language requiring that any motions to compel discovery be filed within thirty (30) days of the service of an objection, answer, or response which becomes the subject of dispute. Id. at 2-3. Five months after the Court issued its scheduling order, Plaintiff took his first deposition. Oppo. at 6; see also ECF No. 64-1, Declaration of Laurie N. Stayton, ESQ., In Support of Defendant Kean McAdam's Opposition to Plaintiff Lanier's Motion to Enlarge Time and Compel Discovery Response ("Stayton Decl.") at 3.

Plaintiff noticed the deposition of Defendant McAdam on September 14, 2016 and on October 5, 2016, Defendant McAdam served written objections to the scope of the deposition

---

[1] This deadline provided the parties with 242 days (approximately eight months) in which to complete fact discovery.

questioning and production of documents.[2]  Id. at 6-7; see also Stayton Decl. at 3.  Defendant McAdam also objected to Plaintiff's Request for Production of Documents No. 7.[3]  Id. at 7; see also Stayton Decl. at 3.  Plaintiff did not respond to the written objections.  Stayton Decl. at 4.  On October 11, 2016, Defendant McAdam appeared for his deposition and reiterated his objections to any questions or the production of documents relating to the October 16, 2013 closed session meeting.  Id. at 5.  The parties met and conferred regarding the issue on the record during the deposition, at which point Defendant McAdam testified that there are one to three emails in existence that are responsive to Request No. 7.  Id. at Exh. D (Deposition Transcript of Kean McAdam); see also Oppo. at 8-9.  Plaintiff continued with additional questions, some of which were answered and some of which were not due to claims of privilege.  Id.  The deposition ended when Plaintiff's counsel, Mr. M. Richardson Lynn, Jr., decided to terminate,

---

[2] Specifically, Defendant McAdam stated that he "will refuse to answer any deposition questions, and will not produce any **DOCUMENTS**, **RELATING** to the nature and content of any communications that occurred during the October 16, 2013 San Diego-Imperial High Intensity Drug Trafficking Area ("HIDTA") Executive Board's "Executive Session" – also called the *closed* session, without a court order.  The communications that occurred during the October 16, 2013 San Diego-Imperial High HIDTA Executive Board's *closed* "Executive Session," are privileged under California *Evidence* Code section 1040, protected from tort liability under California *Civil Code* sections 47, and not discoverable pursuant to California *Code of Civil Procedure* section 2017.010.  Oppo. at 6-7; see also Stayton Decl. at 3-4 (emphasis in original).

[3] Request No. 7 sought "All memoranda, reports, emails or other communications issued by you to the San Diego/Imperial HIDTA Executive Board relating to the termination of Tommy LaNier as NMI Director."  Oppo. at 7; see also Stayton Decl. at 3.  Defendant McAdam objected to the Request on the basis that it sought documents "protected against disclosure by the attorney-client, work product privileges and California Evidence Code section 1040" and "irrelevant to the subject matter of this litigation and which are not reasonably calculated to lead to the discovery of admissible evidence."  Id.; see also Stayton Decl. at 4.  Defendant McAdam further objected that the "request assumes facts not in evidence and lacks foundation in that it improperly assumes that MCADAM recommended, or issued any documents to the San Diego/Imperial HIDTA Executive Board relating to the termination of Tommy LaNier as NMI Director."  Id.

but not conclude the deposition in light of the privilege issues surrounding the October 16, 2013 closed session meeting. Id.; see also Oppo. at 9. At the time, Mr. Lynn noted that he would have "to file a discovery motion, and the Court will rule" if the parties were unable to resolve the matter. Id.

The parties met and conferred again by telephone on October 19, 2016, but were unable to resolve the dispute. Oppo. at 11. Nearly three and a half months later (104 days), on January 31, 2017, Mr. Lynn, Jr., counsel for Defendant City of Chula Vista, Mr. Phillip L. Kossy, and counsel for Defendant Kean McAdam, Ms. Laurie N. Stayton, jointly contacted the Court regarding a discovery dispute. In regard to the dispute, the Court issued a briefing schedule. ECF No. 59. In accordance with that schedule, the parties timely filed their paperwork. See Mot.; see also Oppo. and Reply.

## REQUESTED RELIEF

Plaintiff seeks an order from the Court granting relief from the parties' thirty (30) day deadline to bring a motion to compel, and compelling Defendant McAdam to disclose the information presented and statements made by Defendant McAdam at the October 16, 2013 HIDTA Executive Board closed session meeting. Mot. at 7.

## LEGAL STANDARD - MOTION TO ENLARGE TIME

Once a Rule 16 scheduling order is issued, dates set forth therein may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see also ECF No. 41 at 7 (stating that the dates set forth in the CMC Order regulating discovery and other pretrial proceedings "will not be modified except for good cause shown"). The Rule 16 good cause standard focuses on the "reasonable diligence" of the moving party. Noyes v. Kelly Servs., 488

4

15CV360-BAS(BLM)

F.3d 1163, 1174 n.6 (9th Cir. 2007); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000) (stating Rule 16(b) scheduling order may be modified for "good cause" based primarily on diligence of moving party).  Essentially, "the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  However, a court also may consider the "existence or degree of prejudice to the party opposing the modification . . . ." Id.

In addition to being required to establish good cause, a party moving to extend time after a scheduling order deadline has passed must demonstrate excusable neglect. Mireles v. Paragon Sys., Inc., 2014 WL 575713, at *2 (S.D. Cal. Feb. 11, 2014) (citing Weil v. Carecore Nat'l, LLC, 2011 WL 1938196, at *2 (D. Colo. May 19, 2011)); see also Fed. R. Civ. P. 6(b)(1)(B) (stating "the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect.").  The following factors are considered in determining whether there has been excusable neglect: the danger of prejudice to the non-moving party; the length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the movant; and whether the moving party's conduct was in good faith. Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993).

## **MOTION TO ENLARGE TIME**

In order to compel Defendant McAdam's responses, Plaintiff seeks relief under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 6(b)(1)(B) to enlarge the time for him to compel further document production and deposition testimony. Id. at 3.  Plaintiff recognizes that there is an

argument that under the Court's March 21, 2016, Scheduling Order [see ECF No. 41], Plaintiff's last day to bring a discovery motion was November 11, 2016. The Scheduling Order states:

> All discovery motions must be filed within 30 days of the service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached impasse with regard to the particular issue. The Court's procedures for resolving discovery disputes are set forth in Magistrate Judge Barbara L. Major's Civil Chambers Rules, which are posted on the Court's website. A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.

ECF No. 41 at 3; see also Mot. at 3. However, Plaintiff argues that this language could be interpreted to mean that his motion to compel had to be filed "within 30 days plus an undefined 'meet and confer' period" in which case his motion is timely. Mot. at 3, fn 2 (emphasis in original). Assuming Plaintiff's motion was due on November 11, 2016, Plaintiff notes that motion to compel deadlines are set at the discretion of the Court and that the Federal Rules of Civil Procedure and Local Rules for the Southern District of California do not set any such deadlines. Id. at 3. Plaintiff further argues that he has demonstrated that he meets the excusable neglect requirements of Fed. R. Civ. P 6(b)(1) since any "delay in the case will be minimal and there will be no delay of the trial" and his counsel was acting in good faith, when he simply failed to remember the deadline contained in the scheduling order. Id. at 5. Finally, Plaintiff argues that the Court should permit his motion to compel as the "area of inquiry goes to the very heart of [Plaintiff's] claims in this case." Id. at 6.

Defendant McAdam contends that Plaintiff's motion should be denied on procedural grounds alone as non-expert discovery closed on November 18, 2016 and Plaintiff failed to request a modification of the Court's scheduling order. Oppo. at 4, 12. Defendant McAdam

objects noting that Plaintiff was required to file a motion modifying the scheduling order and not a motion to enlarge time since almost three months have passed since non-expert discovery closed. Id. Defendant McAdam further contends that even if the Court were to consider Plaintiff's motion to enlarge time, the motion should be denied as the Court's scheduling order is quite clear and Plaintiff has failed to demonstrate excusable neglect for his failure to file a timely motion to compel. Id. at 4, 12-15. In addition to the lack of excusable neglect, Plaintiff has shown a complete lack of due diligence in waiting over three months to seek relief regarding the motion to compel filing deadline and a lack of good faith. Id. at 5, 17. Defendant McAdam notes that Plaintiff has been aware of the motion to compel deadline since March 29, 2016, when the deadline was set and that he raised the issue of the motion to compel as far back as November 28, 2016 in his opposition to Defendant McAdam's motion for summary judgment. Id. at 17. Finally, Defendant McAdam contends that allowing Plaintiff to reopen discovery would be highly prejudicial as Defendant McAdam specifically delayed the filing of his motion for summary judgment until after Plaintiff's deadline to file a motion to compel related to the October 16, 2013 closed session had passed. Id. at 5.

Plaintiff replies that the language in the Court's Scheduling Order is ambiguous and that allowing only thirty days from the service of an objection for meeting and conferring, complying with the Court's requirement of a telephonic meet and confer with Chambers, and filing a motion to compel, presents "an extremely tight time frame" and "would promote giving mere lip service to the meet and confer requirement due to the time pressure." Reply at 2-3. Plaintiff further replies that he was in the process of meeting and conferring when Defendants filed motions for summary judgment that were long and complex and required him to "put everything else aside."

Id. at 3.  Finally, Plaintiff argues that Defendant McAdam would not be prejudiced by the extension permitting a very narrow amount of additional discovery and that he has not acted in bad faith.  Id. at 4.

## DISCUSSION

Plaintiff has failed to demonstrate good cause or excusable neglect sufficient to support an order from the Court resetting the discovery deadline.  Plaintiff's deadline for filing a motion to compel with respect to the claimed Official Information Privilege was November 4, 2016.  The standard language contained in the Court's Scheduling Order is quite clear.

> All discovery motions must be filed within 30 days of the service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached impasse with regard to the particular issue.

ECF No. 41. at 3.  Plaintiff received written objections to his deposition notice for Defendant McAdam and request for documents on October 5, 2016.   The objections were specific to the closed HIDTA session and the Official Information Privilege.  Oppo. at 6-7; see also Stayton Decl. at 3-4.  Thirty days from October 5, 2016 was November 4, 2016.  Defendant McAdam reiterated his objections one week later on October 11, 2016 at the deposition.  Oppo. at 5.  The parties immediately met and conferred on the record, but could not resolve the issues.  Id.  Thirty days from October 11, 2016 was November 10, 2016.  The parties again met and conferred on October 19, 2016.  Id. at 11.  Thirty days from October 19, 2016 is November 18, 2016.  Plaintiff argues that the Court's Order is ambiguous and could be read to mean that he had thirty days "plus an undefined 'meet and confer' period" in which case his motion is timely.  Mot. at fn 2 (emphasis in original).  This interpretation of the Court's Order is both incorrect and

8

unpersuasive. According to Plaintiff, a party could receive an objection or response to its discovery request, decide not to meet and confer on the issue for a full year, finally meet and confer, and then have an additional thirty days to file a motion to compel. That is not the Court's intent and contrary to Plaintiff's argument, thirty days is a sufficient amount of time to review discovery objections and responses, meet and confer with opposing counsel, and have a conference call with the Court's chambers in order to receive a motion filing or hearing date. If a party is unable to comply with the thirty day deadline, the party should file a motion to extend the deadline before the deadline passes and not wait nearly three months after the deadline passed before taking action.

Because the Court already has issued a scheduling order and the deadline at issue has passed, Plaintiff must demonstrate good cause and excusable neglect in order to have the deadline amended. Plaintiff has failed to do so. As stated, good cause turns on the reasonable diligence of the party seeking the amendment. <u>Noyes</u>, 488 F.3d at 1174 n.6. Here, Defendant McAdam objected to the evidence and testimony on October 5th and 11th, Plaintiff stated on the record that during the October 11th deposition that he was going to file a motion to compel, and Plaintiff knew (or should have known) that fact discovery ended on November 18, 2016. ECF No. 41 at 2. Despite all of these facts, Plaintiff failed to file the anticipated motion for 119 days. This does not constitute reasonable diligence. Plaintiff argues that this lengthy delay was reasonable because he had to postpone the requirement of good faith meeting and conferring in order to properly respond to the motions for summary judgment filed by Defendant McAdam and Defendant City of Chula Vista. Reply at 3. However, those motions were filed on November 8, 2016 and January 6, 2017 respectively, after Plaintiff's deadline to file the motion to compel

already had passed. See ECF Nos. 42 and 53. Plaintiff's other proffered reason for missing the deadline, that he simply forgot there was a deadline, also fails to demonstrate reasonable diligence. Plaintiff argues that the information he seeks is "material and important" and "goes to the very heart of" Plaintiff's case, but his lengthy and unjustified delay in challenging Defendant McAdam's objections does not support this claim. Reply at 2; see also Mot. at 6. The Court therefore finds that Plaintiff has not established good cause or reasonable diligence for the lengthy delay.

In determining whether or not to modify a Rule 16 Scheduling Order, a Court also may consider the "existence or degree of prejudice to the party opposing the modification . . . ." Johnson, 975 F.2d at 609. Plaintiff argues that "[t]here is very little prejudice, in [sic] any, to McAdam" as any delay will be minimal and the current trial date will not be affected. Mot. at 5. Specifically, Plaintiff argues that if he is permitted to file a motion to compel and that motion is granted, the only prejudice or delay would be a 45 minute deposition of Defendant McAdam and the production of the few emails or memorandums that he previously testified he provided to the Board members in conjunction with the closed session meeting. Reply at 3-4. Plaintiff's attempt to downplay the prejudice that Defendant McAdam would suffer is not persuasive and the Court finds that Defendant McAdam would be significantly prejudiced if Plaintiff is permitted to file a late motion to compel which is ultimately granted. Defendant McAdam waited to file his motion for summary judgment until after fact discovery closed and the deadline for Plaintiff to file a motion to compel had passed. Oppo. at 17; see also Stayton Decl. at 8. Granting Plaintiff's motion would result in Defendant McAdam having to prepare for and attend a deposition, produce the documents at issue, and potentially amend or refile his motion for

10

15CV360-BAS(BLM)

summary judgment depending upon the information that is found.  In addition, given the issues and arguments surrounding the privilege claims and HIDTA, Defendant McAdam may have to expend considerable time and effort attempting to obtain authorization from the proper entities to testify about the October 2013 closed session.  Moreover, if the law enforcement entities or individuals who participated in HIDTA and were present during the closed session objected to the production of the emails or to Defendant McAdam's deposition testimony, the dispute could lead to new or protracted litigation.

Even if Plaintiff had established good cause for missing the deadline to file, he has not demonstrated excusable neglect.  <u>Mireles</u>, 2014 WL 575713, at *2 (citing <u>Weil</u>, 2011 WL 1938196, at *2); <u>see also</u> Fed. R. Civ. P. 6(b)(1)(B).  As stated above, the risk of prejudice to Defendant McAdam is high.  Additionally, the length of the delay, almost three months after the deadline to file a motion to compel has passed, and its potential impact on judicial proceedings, such as the pending motions for summary judgment and possible additional motion practice, do not support a finding of excusable neglect.  Furthermore, the reason for the delay, that Plaintiff forgot about the deadline set in the Court's scheduling order, was completely within the reasonable control of Plaintiff.  The Court will give Plaintiff the benefit of the doubt and assume his actions were undertaken in good faith.  However, in conjunction with the other factors discussed above, that alone is not sufficient to demonstrate excusable neglect.  <u>See</u> <u>Pioneer Inv. Serv. Co.</u>, 507 U.S. at 395.

Because Plaintiff has failed to demonstrate good cause or excusable neglect for missing the November 2016 deadline to file a motion to compel, Plaintiff's motion to enlarge time is **DENIED**.  Accordingly, Plaintiff's motion to compel "further testimony and production

concerning what transpired in the meeting in which the fate of [Plaintiff] was discussed and ultimately decided" is also **DENIED**.

**IT IS SO ORDERED**.

Dated: 3/10/2017

Hon. Barbara L. Major
United States Magistrate Judge